IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCUS DAVIS                                                                          PETITIONER

vs.                                                        CIVIL ACTION NO.: 4:11cv116-SA-SAA

CHRISTOPHER EPPS, ET AL.                                                       RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

Petitioner Marcus Davis, Mississippi prisoner # 148403, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for attempted armed robbery. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Facts and Procedural History**

On May 4, 2007, Travis Anderson drove Petitioner to a bank in Greenwood, Mississippi, where Petitioner attempted to rob an employee of Dollar Tree who was preparing to drop the store's night deposit in the bank's night drop deposit box. The attempt was unsuccessful, and the pair fled the scene in a sedan. A police car chase ensued, and Petitioner and Anderson eventually abandoned the car and attempted to flee on foot. Anderson was caught, and some of Petitioner's personal belongings were found inside the sedan. Petitioner was later located and arrested in Texas. Both Anderson and Petitioner were indicted for one count of attempted armed robbery and one count of fleeing law enforcement in the Circuit Court of Leflore County, Mississippi.

Prior to trial, Anderson entered a guilty plea. Anderson testified against Petitioner at

trial, and he testified that Petitioner admitted to him that Petitioner had previously robbed Dollar Tree employees who were making a night deposit. Dollar Tree employees and law enforcement officers also testified for the prosecution, and Petitioner did not call any witnesses in his defense at trial. He was convicted in April 2009 of attempted armed robbery and sentenced to a twenty year term of imprisonment.[1] His sole ground for relief on appeal was that the trial court erred in admitting Anderson's trial testimony regarding Petitioner's prior bad acts, and the Mississippi Supreme Court denied relief. *See Davis v. State*, 40 So.3d 525 (Miss. 2010) (Cause No. 2009-KA-00805-SCT). Petitioner then sought leave to proceed in the trial court on an application for post-conviction relief, asserting the following grounds for relief, as paraphrased by the Court:

Claim One: That the prosecution improperly failed to disclose to Petitioner or his counsel that its star witness had been offered a favorable plea agreement in exchange for testifying against Petitioner;

Claim Two: That he is innocent of the crime for which he was convicted;

Claim Three: That the trial court erred in not granting Petitioner's jury instruction on circumstantial evidence;

Claim Four: That the trial court erred in admitting evidence of his prior bad acts;

Claim Five: That the cumulative effect of the errors at trial denied him a fair trial; and

Claim Six: That Petitioner was denied the effective assistance of counsel during trial.

The Mississippi Supreme Court rejected Petitioner's claims, finding that claim four was barred by res judicata , and that the remaining claims were waived under State law. (*See* Response, Ex.

---

[1] Petitioner was sentenced to serve a term of imprisonment of ten years, with an additional ten years of post-release supervision, five supervised and five unsupervised. (*See* SCR vol. 1, 55).

B). Thereafter, Petitioner filed a timely petition for writ of habeas corpus in this Court on or about October 17, 2011, asserting essentially the same claims that were raised on post-conviction review.

## Legal Standard

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

## Discussion

### A. Grounds One, Two, Three, Five, and Six are Procedurally Barred

The doctrine of procedural default prohibits a federal court from considering a federal habeas claim that the State court rejected on independent and adequate State law grounds. *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). The bar is adequate if it is "strictly or regularly" applied to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). Here, the Mississippi Supreme Court found Petitioner's claims in grounds one, two, three, five, and six to be procedurally barred pursuant to Miss. Code Ann. § 99-29-21(1) because they were not raised at trial or on direct appeal. (*See* R. Mot. to Dismiss, Ex. B). Although Petitioner argues to the contrary, this has been found adequate state procedural bar that has been

3

strictly and regularly applied to similar claims. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Petitioner has not shown "inconsistent and irregular application" of the bar, and the claims are defaulted pursuant to an independent and adequate state procedural rule. *Id.* at 861.

A petitioner may receive federal habeas review of a procedurally defaulted claim if he can demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (internal citations omitted). In order to demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice may be demonstrated by showing that the errors "worked to [the petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (citation omitted).

If a petitioner is unable to demonstrate cause and prejudice, he may obtain review of his claim by demonstrating that the application of the procedural bar would result in a miscarriage of justice because he is factually innocent of the crime of which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). This requires showing, "as a factual matter, that he did not commit the crime of conviction" and requires Petitioner's allegations to be supported with new, reliable evidence that was not presented at trial. *Id.* Petitioner bears the burden of establishing, in light of this new evidence, that it is "more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner maintains that cause is established because (1) Anderson's statements

4

implicating Petitioner were untimely disclosed and in violation of court rules that required discovery to be timely supplemented; and (2) the errors committed in his case affect his fundamental rights.

The record in this case demonstrates that Anderson entered a plea on the day that Petitioner's trial began. (*See, e.g.*, SCR vol. 2, 20-24). Petitioner and his counsel knew in advance of Anderson's testimony that Anderson had entered a plea agreement with the State and would offer testimony against Petitioner. (*See* SCR vol. 2, 2, 6, 20, 22, 24-25). Petitioner has presented no evidence that the prosecution deliberately delayed informing Petitioner of the fact or scope of a deal with Anderson. Anderson testified at trial that he had made a plea deal with the State and testified as to the recommended terms. (*See id.* at 122-23). Petitioner has not demonstrated any non-disclosure by the prosecution, and Petitioner was certainly in possession of knowledge of Anderson's cooperation by the time he filed his direct appeal. Accordingly, this allegation is insufficient to establish cause to overcome the procedural default.

As for Petitioner's remaining defaulted claims, the Court notes that Petitioner has presented no evidence that he is actually innocent of the crime of conviction or that he was denied a constitutionally protected right. Petitioner has not shown that he had a fundamental right to a circumstantial evidence instruction, and the denial of the instruction is insufficient to exempt Petitioner from the procedural bar imposed. *See Holland v. United States*, 348 U.S. 121, 139-40 (1954) (holding there is no constitutional right to a special jury instruction when the case is founded on circumstantial evidence).

The Court notes that counsel's failure to preserve a claim in State court can constitute cause sufficient to overcome a procedural default. *See Coleman*, 501 U.S. at 753-54. However,

a petitioner claiming ineffective assistance of counsel for the purpose of having the underlying substantive claim reviewed on its merits must ordinarily have presented the ineffective assistance of counsel claim independently in State court before it may be argued as cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In this case, Petitioner did not argue that appellate counsel's failure caused the default of his potential trial court claims. Rather, he merely argued that counsel was ineffective in not seeking a limiting instruction.

To the extent that State post-conviction proceedings constituted the first instance in which Petitioner could bring his claim regarding trial counsel's failure to seek a limiting instruction, the Court can consider Petitioner's claim. *See Archer v. State*, 986 So.2d 951, 955 (Miss. 2008) ("Ordinarily, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings."). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) his trial counsel's performance was so deficient that it cannot be said that the attorney was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (ineffective assistance of counsel claims analyzed under *Strickland* framework).

In this case, the trial court offered a limiting instruction as to the testimony of Anderson, and trial counsel rejected it. Counsel stated that Petitioner was "better served" by not drawing more attention to Anderson's testimony than necessary. (SCR vol. 3, 159). The Court finds that counsel's choice was a strategic one, and it has not been shown "so ill chosen that it permeate[d]

the entire trial with obvious unfairness" such as necessary to be the basis for a claim of constitutionally ineffective assistance of counsel. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Petitioner has not demonstrated an inadequate representation by counsel that prejudiced his defense, and his allegation of counsel's ineffectiveness is insufficient to exempt his claims from the procedural bar imposed.

In sum, Petitioner has failed to demonstrate an exception to the procedural bar otherwise applicable to the above-listed claims, and they are barred from federal habeas review. To the extent that Petitioner's claim of ineffective assistance based on counsel's failure to seek a limiting instruction is not barred, it does not warrant relief.

**B. Ground Four was Adjudicated on the Merits**

The sole ground raised on Petitioner's direct appeal was that the trial court erred in admitting testimony from Petitioner's accomplice, Anderson, that Petitioner had previously robbed an employee of the same Dollar Tree store. *See Davis*, 40 So.3d at 529. While Petitioner moved to exclude this evidence of his prior bad acts, the trial court found it relevant and admissible, and that its probative value was not substantially outweighed by the danger of unfair prejudice. *Id.*

In considering this claim on appeal, the Mississippi Supreme Court found "that the evidence regarding the [previous] armed robbery of the same Dollar Tree store was relevant to proving [Petitioner's] intent, and further, that it was not admitted to prove [Petitioner's] character to show that he acted in conformity therewith." *Id*. at 530 (citing Miss. R. Evid. 404(b)). The court also found that the evidence was probative and "not the type of evidence that would play on the jurors' sympathies or emotions." *Id.* The court further found that it was

necessary to introduce evidence of Petitioner's involvement in the prior robbery to "explain to the jury how Anderson came to be involved in the attempted robbery." *Id.* (*See also* SCR vol. 2, 42-43).

This claim was considered on direct appeal and found without merit. Therefore, habeas relief is available only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A decision is "contrary to" the clearly established law if the state court's conclusion is opposite of that reached by the United States Supreme Court on a question of law or if the case is decided differently than the Supreme Court decided it given "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Clearly established law is unreasonably applied if the state court identifies the correct legal principle but unreasonably applies it to the facts of the petitioner's case. *See id.* at 407-08. Additionally, there is a presumption that the factual findings of the court are correct, and a petitioner must rebut their presumptive correctness with clear and convincing evidence. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (28 USC § 2254(e)(1)).

The Court finds that Petitioner's claims as they relate to court rules or evidentiary matters are beyond the scope of federal habeas relief. *See, e.g., Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). The Supreme Court has stated:

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' *Wilson v. Corcoran*, ... 131 S.Ct.13, 15, 178 L.Ed.2d 276 (2010) (*per curiam*) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct.

8

> 475, 116 L.Ed.2d 385 (1991) quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110
> S.Ct. 3092, 111 L.Ed.2d 606 (1990).

*Swarthout v. Cooke*, ____ U.S. ___, 131 S.Ct. 859, 861 (2011). In this case, the admitted evidence was found necessary to complete the jury's understanding of the events in question, relevant to Petitioner's intent on the night of the crime, and not unfairly prejudicial. *See Davis*, 40 So.3d at 530-31. Petitioner has not demonstrated that the decision to deny him relief on this ground is contrary to or involves an unreasonable application of clearly established law, or that the decision is unreasonable in light of the facts presented at trial. Therefore, Petitioner is not entitled to habeas relief on this ground, and it is dismissed.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and

9

**DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue this day.

**THIS** the 17th day of August, 2012.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**